67    43
35a   24
36a 547

# THE PHŒNIX INSURANCE COMPANY OF HARTFORD, CONNECTICUT,

*v.*

## ABNER MITCHELL *et al.*

1. INSURANCE—*insurable interest—outstanding equity.* Where the purchaser of real property has received a deed therefor investing him with the legal title, the fact that he practiced a fraud upon his vendor as to the consideration, on account of which his conveyance was subsequently set aside in equity at the suit of his vendor, will not defeat a recovery on a policy of insurance effected by him on the property before his title was set aside. The conveyance not being void, but only voidable, the grantee had an insurable interest, and his title was not conditional as to the insurer.

2. SAME—*not affected by fraud on third party.* An insurance company can not avoid its contract of insurance by impeaching the mode by which the assured obtained the title to the property insured, or in other words, by setting up a fraud committed upon third parties. If the deed of the assured is void for fraud in its execution, a different consequence would follow.

3. PARTIES AT LAW—*action on insurance policy.* Where a party, through fraud in the consideration, obtained the legal title to certain premises, and effected an insurance upon the buildings in his name, and his title was afterwards set aside in equity at the instance of his vendor, it was *held*, that an action at law on the policy to recover for a loss by fire, pending the litigation, was properly brought in the name of the assured, but that as between him and his vendor, the insurance money represented the property destroyed.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was a bill in chancery, by Abner Mitchell and wife, against Archibald McDougal, to set aside a conveyance made by them of certain real property in the city of Bloomington, in exchange for certain lands in the State of Missouri, on the ground of false and fraudulent representations as to the quality and value of the Missouri land. Pending the litigation, and before a hearing, the buildings on the Bloomington lots were destroyed by fire. McDougal, after receiving his deed, had insured the property with the Phœnix Insurance Company of Hartford, Connecticut, for $3000. Mitchell and wife, before the trade with McDougal, had mortgaged the Bloomington property to Gilbert & Gay for $1000. In the trade, McDougal had assumed and agreed to pay this debt, and the policy of insurance, in case of loss, was payable to Gilbert & Gay to the extent of their interest. After the loss the complainants filed a supplemental bill, setting up the insurance, and loss by fire, and asked to be substituted in the place of McDougal as beneficiaries in the insurance, and made the insurance company and Gilbert & Gay parties defendant. On a hearing the court dismissed the bill, from which decree Mitchell and wife appealed to this court. This court reversed the decree and remanded the cause. The case is reported in 62 Ill. 498. After the cause was remanded the court below set aside the deed to McDougal, and rendered a decree against the insurance company on the policy. There was also an action at law, brought in the name of McDougal, upon the policy, against the company. The insurance company appealed from this last decree.

Messrs. HAY, GREENE & LITTLER, and Messrs. KERRICK & ALDRICH, for the appellant.

Messrs. WILLIAMS & BURR, for the appellees.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

We have carefully examined the somewhat complicated record in this case, and are unable to see wherein any rule of law has been violated to appellant's prejudice.

The principal point relied upon for reversal seems to be, that because McDougal obtained title to the property in question by fraud, though by fraud in the consideration, and such title was subsequently set aside in equity upon a bill by his vendor, he had, therefore, no insurable interest in the property insured; that at all events he was not the sole owner.

The conveyance was not void, but only voidable at the election of the vendor, providing the right of disaffirmance was exercised within a reasonable time. Subject only to that right, McDougal was the legal owner of the property as against all the world. If the deed had been void for fraud in the execution, different consequences would follow. But the conveyance not being void, and a legal title vesting in McDougal, the fact that grounds existed in favor of his vendor, for having it set aside in equity, did not make McDougal's title conditional as to the appellant, nor was it a matter with which the appellant had any legal concern. It can not get rid of its contract of insurance by impeaching the mode by which the insured obtained the legal title to his property, or, in other words, by setting up fraud committed upon third parties.

In a case in the English Court of Exchequer, *Marks v. Hamilton*, 16 Jur. 152, it appeared that a person discharged by the Insolvent Debtor's Court, as an insolvent debtor, had effected an insurance against fire on some property acquired by him before the insolvency. The property having been destroyed by fire, the order for his discharge was afterwards annulled on the ground of fraud, and the insolvent adjudged to undergo twelve months imprisonment from the date of the vesting order. He then brought an action on the policy, to which the insurance office pleaded that he had no insurable

interest in the property, but the action was sustained.   Ang. on Fire and Life Ins. sec. 70.

The action at law was properly brought in McDougal's name, but as between him and Mitchell, his vendor, the insurance money represented the property destroyed.   In that action interlocutory judgment was entered in favor of the plaintiff, and both that action and the supplementary bill were brought within the time limited by the policy.   Appellant had every opportunity to make defense.   It could have had an issue awarded to be tried by jury, if application had been made for it.   But it was the duty neither of the court, nor adverse parties, to attend to appellant's interests.   There is nothing in the record to show that the allowance of interest was improper.

The decree of the court below is affirmed.

*Decree affirmed.*