ELIJAH ZENOR

*v.*

J. FREMONT HAYES.

*Opinion filed October 23, 1907.*

1. VENDOR AND PURCHASER—*when vendee is entitled to proceeds of an insurance policy.* A vendee in a contract for the sale of improved real estate who pays part of the purchase money and enters into possession has an insurable interest in the premises, and if the contract is silent as to keeping up the insurance and the vendor assigns his policy to the vendee, the latter is entitled to the insurance money in case the buildings are destroyed by fire. (*Mitchell* v. *McDougall,* 62 Ill. 498, and *Grange Mill Co.* v. *Western Assurance Co.* 118 id. 396, distinguished.)

2. SAME—*when alleged insolvency of vendee is not ground for giving vendor insurance money.* · Where a vendor of improved land assigns his fire insurance policy to the vendee, who is in possession under a contract of sale which is silent as to insurance, a mere allegation that the vendee is insolvent and that the premises, without the buildings, are insufficient security, does not justify a court of equity· in awarding the proceeds of the insurance to the vendor in case of fire, where the vendee's purchase money·is not due.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from Circuit Court of McLean county; the Hon. C. D. MYERS, Judge, presiding.

WELTY, STERLING & WHITMORE, for appellant:

As between vendor and vendee, the insurance money, in case of destruction of the property, represents the property itself, and in equity the insurance money should be appropriated to the vendor in case of insolvency of the vendee. *Grange Mill Co.* v. *Assurance Co.* 118 Ill. 396; *Insurance Co.* v. *Mitchell,* 67 id. 43; *Lumber Co.* v. *Langman,* 23 Ill. App. 250; *Mitchell* v. *McDougall,* 62 Ill. 498.

STONE & OGLEVEE, for appellee:

Policies of insurance against loss by fire are personal contracts with the assured, and do not attach to the property

insured or in any manner go with the same as an incident to a conveyance or transfer of title, or of the creation of a lien thereon, without express agreement or manifest intention on the part of the assured that the insurance was effected for the benefit of such person interested in the property. *Ely* v. *Ely,* 80 Ill. 532; *Lindley* v. *Orr,* 83 Ill. App. 70; *Honore* v. *Insurance Co.* 51 Ill. 409; *Insurance Co.* v. *Bloomer,* 52 id. 442.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the Third District affirming a decree of the circuit court of McLean county.

On the first day of April, 1905, Elijah Zenor entered into a written contract for the sale of certain real estate located in McLean county to J. Fremont Hayes, whereby Zenor agreed to convey to Hayes certain real estate upon the payment of $7000, $500 of which was paid in cash and the balance was to be paid February 1, 1910, with interest at the rate of five per cent per annum. The contract provided that Hayes should have the option of paying $100, or any multiple thereof, at any interest-paying time, and it was also agreed that if the principal debt should be reduced to $4000 by payments at any time before February 1, 1910, Zenor should make Hayes a deed and take a mortgage back for the unexpired term to secure the remainder of the purchase money. The instrument contained provisions as to forfeiture for non-payment of interest and taxes, but there was no provision in it respecting insurance on the buildings. The buildings on the premises, consisting of a barn, house and carriage-house, were worth about $3000, and were protected by an insurance policy in the Old Town Mutual Fire Insurance Company in the sum of $1100, which had been taken out by appellant, Zenor. The policy was assigned by Zenor to Hayes, and on September 1, 1905, all of said buildings were destroyed by fire. Zenor filed a bill in equity

against Hayes and the insurance company reciting the above facts, together with the averment that Hayes was insolvent, and that the premises without the buildings were scant security for the unpaid purchase money, and prayed for a decree that the $1100 insurance money be paid to Zenor, or that the same be expended, under the direction of the court, in the erection of new buildings on the premises. The circuit court sustained the demurrer to the bill, and Zenor electing to stand by his bill it was dismissed for the want of equity, and that decree has been affirmed by the Appellate Court, and by his further appeal Zenor brings the record to this court for review.

The only question to be considered by this court is whether, under the facts stated in the bill, appellant is entitled to the proceeds of the fire insurance policy or whether they belong to appellee. After appellee made a contract of purchase, paid $500 of the purchase price and entered into possession of the premises, he thereby acquired an insurable interest in the property. (Wood on Fire Insurance, sec. 317, and cases there cited.) Having an insurable interest in the premises, when appellant assigned the policy to appellee the policy thereafter protected the interest of the appellee, only, in the property. Appellant, as vendor and holder of the legal title, as security for the purchase money, also had an insurable interest in the premises, and might have protected the same by retaining the policy in question or by taking out other insurance himself or requiring appellee to insure the property for his benefit. Appellant did not see proper to adopt any of these methods of protecting his interest but voluntarily made an unconditional assignment of the insurance to appellee. While it is charged in the bill that appellee is now insolvent, yet that fact, alone, will not justify a court of equity in seizing the proceeds of this policy and applying them on appellant's debt, which will not be due for nearly three years. If appellant's debt for the purchase money was due and it was made clearly to ap-

pear that he would necessarily lose all or a part of his debt unless the insurance money could be reached, a different question would be presented. Under the averments in this bill we are of the opinion that appellant has no standing in equity to reach the proceeds of this insurance policy and have them applied on a debt not yet due.

Appellant cites and relies on *Mitchell* v. *McDougall,* 62 Ill. 498, and *Grange Mill Co.* v. *Western Assurance Co.* 118 id. 396. Neither of the foregoing authorities is in point on the question here involved. In the *Mitchell case,* which was a bill between vendor and vendee for the purpose of rescinding a contract of sale on the ground of fraud, the buildings were destroyed by fire pending the litigation. It was there held that the vendor was entitled to the insurance money as against the fraudulent vendee, and this court awarded the vendor the insurance money. In that case the vendee's fraud entered into and vitiated the contract itself, and if he could have collected and held the insurance money he would to that extent have profited by his own fraud. This court allowed the vendee to retain enough of the insurance money to re-pay him for the premiums paid and for certain improvements he had made to the buildings, but held as to the balance of the money he had no title which a court of equity would recognize. The foregoing statement is sufficient to show that that case is readily distinguishable from the one at bar. The *Grange Mill Co. case* was a bill in chancery by the vendor against the insurance companies seeking to collect certain policies that had been issued covering the property embraced in the contract of sale. In that case the vendee had stipulated in the contract to keep the premises insured for the benefit of the vendor, and this was known to the insurance companies before any money had been paid out on said policies. It was held in that case that the vendor was entitled to the insurance money on the ground that the vendee had agreed to insure the premises for the vendor's benefit. The decree awarding the insur-

ance money to the vendor simply required the vendee to carry out the contract made with the vendor in respect to keeping the premises insured for its benefit. As already pointed out, in the case at bar there was no agreement that the premises should be insured for the benefit of appellant.

In our opinion there is no equitable ground stated in the bill upon which appellant is entitled to the relief prayed for, or any other relief. The judgment of the Appellate Court is accordingly affirmed. *Judgment affirmed.*