### OF THE

### STATE OF IOWA

### AT

## DES MOINES, SEPTEMBER TERM, 1914,

### AND IN THE SIXTY-EIGHTH YEAR OF THE STATE.

---

FRANK B. SHERLOCK, Appellant, v. LEROY H. THOMPSON, ET
AL., Appellees.

Wills: CONSTRUCTION. The rule of construction as applied to wills is
1  to ascertain the intention of the testator as gathered from the instru-
ment; and when the intention is ascertained it will be carried into
effect, unless some rule of law would be violated in doing so.

Same: TRUST ESTATES: TITLE. Testratrix bequeathed the income of
2  certain property to her husband and son for life, the survivor suc-
ceeding to the whole income, and further provided that the husband
should be a trustee of the property during his life, to be succeeded
upon his death by the son as trustee, said trustees to have the care
and preservation of the property, with no power of sale except upon
order of court to carry out the terms of the will. It further provided
that the title to the property other than the income should not vest
in either of such persons, and upon their death the title should pass
to certain nephews and nieces. *Held*, to pass the legal title to the
husband and upon his death to the son, as trustees, for the benefit
of the remaindermen upon the death of both trustees.

VOL. 167 IA.—1

**Trusts:** ENFORCEMENT. Equity will not allow a trust to fail for want of a trustee holding the legal title, and where it was the intention to create a trust the courts will honor it, although words of devise in trust are lacking.

**Same:** MERGER OF ESTATES. A merger of estates occurs when a greater and lesser estate unite in the same person, and no reason remains for their existence longer as separate estates; but the union of two estates in the same person does not of necessity create a merger. Thus where the same person is by will given the income of property for life and is also made trustee of the property, which upon his death is to be divided among others, a union of the trust and life estates would not operate in equity as a merger; since it would defeat the interests of the remaindermen and the intent of the testator.

*Appeal from Marshall District Court.*—HON. CLARENCE W. NICHOL, Judge.

TUESDAY, OCTOBER 6, 1914.

ACTION in equity in which plaintiff claims to be the owner in fee of an undivided two-thirds interest in a considerable amount of real estate described in the petition, and asking that his title be established and quieted. He bases his claim upon his right of succession as sole heir of his mother, Mary E. Sherlock, deceased. The trial court after a trial dismissed the petition. Plaintiff appeals.—*Affirmed.*

*C. H. Van Law,* for appellant.

*Carney & Carney, J. M. McGillivray* and *Anthony C. Daly,* for appellees.

PRESTON, J.—I. The seventeen defendants are the nieces and nephews of deceased. They were at the time of the death of Mrs. Sherlock, and are now, living. Plaintiff is the son and sole heir. Her husband survived her, but has not been made a party. The answer admits that they make a

claim adverse to the estate of plaintiff in said property, and
say that their claim to the real property involved is the estate
in remainder to the defendants, derived upon the termination
of the life estate of the plaintiff and another, through and
by the last will of Mary E. Sherlock, owner in her lifetime of
said real property. For reply plaintiff denies that defend-
ants take, have, or hold any interest in the property because
the instrument purporting to be the last will and testament
of deceased, in its terms, whereunder defendants claim title
and interest, is void and contrary to the laws of property
that obtain in the state of Iowa, and seeks to create estates
unsupported by the law of Iowa. The will, which has been
duly probated, in the first four paragraphs provides for the
payment of debts, the erection of a $2,000 monument, care
of cemetery lot, and gives specific personal property to plain-
tiff and another. Paragraph 5 gives $3,000 to a church, to be
paid in ten equal installments. Paragraphs 6, 7, and 8 are as
follows:

Sixth. I give, devise and bequeath to my beloved husband,
W. M. Sherlock, and to my dear son, Frank B. Sherlock, the
use, benefit and income arising from all the remainder of my
property, both real and personal, jointly in equal shares for
their natural lives, the survivor of said two persons named,
succeeding to the ownership of the whole of said use, benefit
and income of said property, upon the decease of the other
person named. My husband, W. M. Sherlock, shall be trustee
of said property, as long as he shall live, to carry out the
terms of this will, and on his decease then my son, Frank B.
Sherlock, shall succeed to said trusteeship. The said trustee
shall take care of and preserve my said property with no
power of sale, however, unless under order of court to carry
out the terms of this will, nor shall title to the said property
(other than its income) invest in either of said persons.

Seventh. Upon the death of the survivor of the said
two persons, to wit: W. M. Sherlock and Frank B. Sherlock,
the title to all my property, I will devise and bequeath, in
equal shares, share and share alike, to my nieces and nephews
who shall be living at the date of the death of the survivor of

the two persons named, to wit: W. M. Sherlock and Frank B. Sherlock.

Eighth. I will, devise and bequeath to my grandson, William Sherlock, ten thousand ($10,000) dollars to be paid him on his attaining the age of twenty-five (25) years. Should my husband, W. M. Sherlock and my son Frank B. Sherlock, both die before my said grandson has attained the age of twenty-five (25) years, then property equal to said amount of ten thousand ($10,000) in value, shall be reserved, and not distributed to my nieces and nephews then living, as hereinbefore provided, and shall be charged with this bequest so that it can be carried out on my said grandson attaining said age. Should my said grandson William Sherlock, die before attaining the age of twenty-five (25) years and after the death of the survivor of the two persons formerly named, to wit: My husband, W. M. Sherlock, and son, Frank B. Sherlock, then said property so reserved shall be distributed in equal portions to my living nieces and nephews as I have heretofore provided.

Paragraph 9 nominates her husband, W. M. Sherlock, executor without bond. Paragraphs 6 and 7 are the ones litigated; some of the others have a bearing, and for that reason have been referred to. The only question litigated, and the only construction of the will required under the issues, is whether plaintiff takes a fee to an undivided two-thirds of the real estate. Plaintiff's contentions are that it is necessary that a present vested estate should exist; that, while estates under our statute (section 2917) may be created to commence at a future date, the title is and must be vested in some one at all times; that a remainder cannot exist without a particular estate to support it, and, if the particular estate expires before the remainderman is qualified to take possession, the remainder expires with it; that the estate created by the seventh clause of the instant will is a contingent remainder, and, there being no particular vested estate, the contingent remainder must fall because of the lack of a particular estate to support it; that the trust which the testator attempted to create is invalid; that the devise to the defendants as nieces

and nephews is therefore void, and by operation of law the
heir, plaintiff, will, as against them, take the legal estate. It
is claimed for appellant that, where the only words of gift
are found in the direction to divide or pay at a future time,
the gift is contingent and not vested, and that a proper con-
struction of this will brings it within the rule of *McClain v.
Capper,* 98 Iowa, 145; *Olsen v. Youngerman,* 136 Iowa, 405;
*Archer v. Jacobs,* 125 Iowa, 467; *Taylor v. Taylor,* 118 Iowa,
407. The necessity that a present vested interest or estate
exists in every disposition of property is conceded by counsel
for appellees. They also concede substantially that, by the
seventh clause of this will, the estate to the nieces and nephews
is not ready to come into possession whenever and however the
preceding estate determines; that the persons who are to take
will never be known until the death of the life tenants, W. M.
Sherlock and Frank B. Sherlock; that not every one of the
nieces and nephews who come into being will enjoy the benefits
of this estate, as it is only to those who survive the life tenants
that the testatrix has given a portion; that there is a condition
precedent which must be fulfilled before such estate can be
deemed vested in the remaindermen; and that therefore the
condition of survivorship fixes the nature of the remainder as
a contingent remainder. But they say by this will testatrix
appoints trustees for this property, and that the legal title
to the realty is vested in the trustees until their death, and
the contingency occurs by which the nieces and nephews then
living are to take; that, even though testatrix intended to
withhold the legal title from the trustees, equity does not allow
a trust to fail for lack of a trustee holding legal title; that,
if title vests in no one by the terms of this will, the heirs at
law hold in trust for the uses named. In answer to this ap-
pellant says there is no valid trust because the same person
cannot be at the same time trustee and beneficiary of the same
interest, and that the legal and equitable estates are merged.
Appellees also contend further that, even though appellant's
claim that the trust estate entirely failed be correct, still the

devise to the nieces and nephews may be sustained as an executory devise.

An important question in the case is whether the title to the real estate in question vests in the trustee and is sufficient to support the remainder. We have said in prior cases that each will is a rule unto itself, and must be construed in all its parts with the intention of sustaining and supporting the will.

The substance of the rule, as heretofore stated, is that the cardinal rule of construction applied to wills is to ascertain and give effect to the intention of the testator. If that intention can be gathered from the instrument, it will always be carried into effect, unless to do so would violate some rule of law. After the testator's intention has been determined by a construction of the will, the law is to be consulted in order to ascertain how far the estate intended to be created by the testator is affected, limited, or inhibited by law.

1. WILLS: construction.

Where it is possible to do so within the law, such a construction should be given as to work disposition of the entire estate and prevent even partial intestacy. It is clear, from a reading of this will, that testatrix did not intend that her son, the plaintiff, should take a two-thirds interest in this real estate in fee, but did intend that her husband and plaintiff should take, as beneficiaries, a life estate in the real estate, the survivor of the two to succeed to the ownership of such life estate, and that the property should ultimately go to her nieces and nephews who shall be living when her husband and son are both dead. The words are not meaningless; there is no mistake; they should not be disregarded and the property disposed of by the law, contrary to her expressed wishes and intentions. Her intention should control, unless to carry it out violates some rule of law. As stated, appellant contends that, under this will, there exists no present interest or disposition of the fee, and the devise to the nieces and nephews in the seventh clause is unsupported by any legal estate. This conclusion is based by appellant

2. SAME: trust estates: title.

upon two propositions: First, that testatrix expressly withheld from her trustee the legal title to the estate as shown by the language at the close of item 6 of the will; second, that the union of the legal and equitable estates in a trustee results in a merger of the estates, and that therefore there can be no valid trust. In the first proposition he assumes that the legal title never vested in the trustee, and by the second proposition he assumes that legal title had vested in the trustee, but that a court of equity will declare a dissolution of the trust, and that it is invalid because of the merger of two estates.

Appellant's argument more specifically stated is: That the testatrix intended to withhold from her husband and son every property right or interest in the real estate of which she died seised, which is embraced within the property described in appellant's petition. That she does this by giving to them for their natural lives "the use, benefit and income arising from all the remainder of my property, both real and personal." That this item of the will concludes with this limitation:

Nor shall title to the said property (other than its income) invest in either of said persons.

That, to provide for the management, it is provided that:

My husband, W. M. Sherlock shall be trustee of said property as long as he shall live, to carry out the terms of this will, and on his decease then my son, Frank B. Sherlock, shall succeed to said trusteeship. The said trustee shall take care of and preserve my property with no power of sale, however, unless under order of court to carry out the terms of this will.

That it is thus apparent that the testatrix intended to secure to her beneficiaries named in this item of her will only the use, benefit, and income arising from the property therein designated, and to specifically withhold from them, or either of them, every vestige of legal title or interest to the

property out of which this income should arise. That, to provide for the care and preservation of the property itself, the testatrix intended to create her husband and son trustees of the property, charging them with the duty to care for and preserve the property, and in this connection also specifically withholding every vestige of title to the property. That the testatrix has withheld from vesting in any person a present interest in the real estate of which she died seised.

It is undoubtedly true that testatrix intended to withhold from her husband and son, as individuals or beneficiaries, every property right other than a life estate, but it does not follow that she intended to withhold title from them as trustee. On the contrary, it appears to us, for reasons hereinafter given, that she intended to create a trust estate, and that the title should vest in the trustee. The last sentence, in the last clause thereof, in paragraph 6 of the will is the part upon which plaintiff most strongly relies to sustain his first position that testatrix withheld from her trustee the legal title. But the intention or purposes of testatrix will not be determined from the use of a single word, phrase, or sentence. The entire scheme of the will should be considered. In paragraph 6 of the will testatrix expressed several desires. She first gives the use of the property to the husband and son during their lives with rights of survivorship. She then appoints a trustee for this property, making her husband trustee for life, to be followed by Frank B. Sherlock. It should be said here that Frank B. Sherlock is shown to be living, but it does not appear whether his father is now alive. There is no presumption that he is dead, so that, as far as appears, the husband and son are both living. In that case the question as to whether Frank B. Sherlock can act as trustee for himself has not yet arisen. He is not to act as trustee until his father's death. Finally, in paragraph 6, testatrix places limitations upon the power, and gives instructions to the trustee, saying:

Said trustee shall take care of and preserve my property with no power of sale, however, unless under order of court, to carry out the terms of this will.

The trustee may sell to carry out provisions of the will other than paragraphs 6 and 7, and it may be necessary to do so, but under the will this may not be done without an order of court.

In order to create a trust estate by will, the law requires no particular form of words to be used by the devisor. If his intention is sufficiently disclosed that the property shall be held and disposed of by the trustee named, a trust estate vests in the trustee under the will. *Quinn v. Shields,* 62 Iowa, 129, 144. Even though the will did not in direct words devise a trust estate or use the expression "trust" or "trustee," this would not prevent the creation of a trust by implication, where the exigencies of the case require it, and such an intention is indicated.

In this first portion of the last sentence of paragraph 6 of the will, the intention of testatrix is that the trustees should have, as it is a fundamental principle of trusteeship, the legal title to the property, by placing upon the trustees said limitations as to the power of sale. The assumption is there made by testatrix that such trustee shall have power of sale, and, unless limited by testatrix, the trustee could sell the property freely. The implication that the trustee may sell means to convey, and this shows an intention to vest the legal title in the trustee, as such. He could not convey unless he had such title. Testatrix had in a preceding sentence appointed a trustee, and this appointment, considering all of the provisions of the will and the purposes to be accomplished, gave with it the fee to the real estate and the title to the personal property. Knowing this, she placed the limitations before referred to. Then follows the last clause of the sentence, "Nor shall the title to said property (other than its income) invest in either of said persons." The word "persons," being plural, does not refer to the subject of the sentence, which is the word "trustee." It refers to those persons who had previously been given the income to this property, namely, W. M. Sherlock and Frank B. Sherlock.

It is said by appellees that the punctuation of a period might well have followed the word ''will'' in the next to the last line of the clause, and that this would have more accurately expressed the intention of testatrix, and that the clause reading, ''Nor shall the title to said property (other than its income) invest in either of said persons,'' might well be read after the period of the first sentence of paragraph 6. The same would then read as follows:

I give, devise, and bequeath to my beloved husband, W. M. Sherlock, and to my dear son Frank B. Sherlock, the use, benefit and income arising from all the remainder of my property both real and personal, jointly, in equal shares for their natural lives. The survivor of said two persons named succeeding to the ownership of the whole of said use, benefit and income of the said property, upon the decease of the other person named, nor shall the title of said property (other than its income) invest in either of said persons.

Authorities are cited holding that under some circumstances the courts may supply words, phrases, punctuation, and even transpose sentences in order to ascertain and determine the intent of a testator. We think it is not necessary to resort to this because the meaning is not obscure. In this last clause testatrix is speaking of her husband and son, not in the light of trustees, but rather in the position of beneficiaries. She recognized that they were placed in this will in two legal positions. She desired to reserve from them, as beneficiaries, the legal title to the estate. Property may be given to a person as trustee or to such person in his own right. The fact that it may be the same person who occupies the two positions does not in any wise curtail the right of a donor in limiting the property which she gives. Further, this last clause may be considered as simply a clause added to the foregoing devises for better protecting and limiting the gifts as made. The first part of it limits the rights of the trustee; the second part of it limits the rights of beneficiaries. We are of opinion that, under this will, the legal title vests in

the trustee, at least until the death of the life tenants (*Cush-man v. Coleman,* 92 Ga. 772, 19 S. E. 46), for the benefit of whoever will then take, such an estate being necessary to enable the trustee to execute the powers given, to perform the duties required, and to carry out the purposes and intentions of the testatrix.

II. Upon the proposition before briefly referred to that, where a trust is intended, the courts will honor it although words of devise in trust are lacking, and that equity does **3. TRUSTS: en-** not allow a trust to fail for lack of a trustee **forcement.** holding legal title, see, without further discussion, *Busby v. Busby,* 137 Iowa, 57; *Wells v. Insurance Co.,* 128 Iowa, 648; *Johnson v. Mayne,* 4 Iowa, 180; *Dwyer v. Cahill,* 228 Ill. 617 (81 N. E. 1144); *Woodward v. James,* 115 N. Y. 346 (81 N. E. 1144); 39 Cyc. 281.

The court will execute the paramount desire of testatrix, and might under some circumstances, and if necessary, appoint new trustees.

III. The next point is whether there is a merger. Appellant's contention, as before stated, is that though a trust estate is devised, and the title vests in the trustee, the equi-**4. SAME: merger** table estate is merged in the legal. To hold **of estates.** here that there is a merger would of course defeat the purposes and intentions of testatrix and deprive her nieces and nephews surviving of their rights under the will. It is the rule at law, and under some circumstances and for some purposes in equity, that, where a legal and equitable estate unite in the same person, the equitable estate is merged in the legal. As before stated, if W. M. Sherlock is now living, the question as to whether Frank B. Sherlock can act as trustee for himself has not yet arisen. He is the plaintiff, and the only one asking any relief, and is the only one claiming a merger. He is claiming an undivided two-thirds in fee of this real estate as heir, and that he is now entitled to have the claim established and title quieted. Whether the title to this land or any part of it will revert to

plaintiff as heir, or what his rights may be if there should be no nieces or nephews living at the death of the life tenants who will take, is another matter and not now determined.

Trusts are creatures of equity, and the donor's intention has always been upheld and executed, wherever possible. Equity will attempt to remedy the defect, if the donor has unfortunately so constructed his gift that it is defective in some of its parts.

The rule contended for by appellant is the rule at law and may be in equity if there is no object or purpose in keeping the two estates separate. *Archer v. Jacobs*, 125 Iowa, 467, cited by appellant, is not in point. In that case there was no question in regard to a trust estate or of title vesting in a trustee, upon which a remainder could be supported. By conveyances the different estates became united in one person, and the court there held that this union of the life estate, the vested remainder, and the reversion in a common grantee must be held to merge and destroy the contingent remainder. limited to persons who are not, and may never be, in being.

In *Nellis v. Rickard*, 133 Cal. 619 (66 Pac. 33, 85 Am. St. Rep. 229), it is said:

It is undoubtedly true, as a general proposition, that, where an equitable estate and a legal estate meet in the same person, the former is merged in the latter, if the two estates are commensurate and coextensive, and if the merger is not contrary to the intention of the parties. . . . And ordinarily a cestui que trust should not be appointed trustee. But the authorities hold that a cestui que trust is not absolutely incapacitated from being a trustee, 'as the court itself, under special circumstances, appoints a cestui que trust a trustee. The question is one merely of a relative fitness.'

In *Burbach v. Burbach*, 217 Ill. 547 (75 N. E. 519), we have a case of a devise to A., B., and C., trustees for A., B., C., D., and E. for the sale of real estate and a division thereof among the beneficiaries. It was contended that the estate or at least the portion of it, properly falling to A., B., and C.,

was merged with the legal title, as held by them, and that the court could not compel a sale of the real estate as was provided in the will. The court said at page 550 of 217 Ill., at page 520 of 75 N. E.:

The provisions of the will are not void on the ground that the three trustees are also beneficiaries. Whatever may be said as to the fitness of trustees to take property in trust for themselves, they are not necessarily and in all cases incapable of doing so, . . . and, where one is a trustee for himself and others, that fact does not defeat the trust.

The union of two estates in one person does not necessarily result in a merger. The merging of two estates by their union in a single individual is purely a matter of theory. The two estates are conceived as remaining separate wherever that view is to the advantage of their holder. There is the more reason that they should be kept apart when their merger would operate to the prejudice of one who is not a party to the transaction. *Williams v. Bricker,* 83 Kan. 53 (109 Pac. 998, 30 L. R. A. (N. S.) 343, 346).

At law, the rule is that, whenever a greater estate and a lesser coincide in the same person without any intermediate estate, the lesser is merged.

In equity, the rules of law as to merger are not followed, and the doctrine of merger is not favored. Equity will prevent or permit a merger as will best subserve the purposes of justice and the actual and just intent of the parties. Wherever a merger would operate inequitably, it will be prevented. . . . In equity, the merger will be prevented whenever necessary to protect the rights of an innocent third party, or of the person in whom the estates meet. 16 Cyc. 665, 668.

In equity the legal rule of merger is not regarded as inflexible, and the question whether the doctrine of merger will be applied or not is determined by the intention of the party in whom the estates unite, provided that his intention shall not be enforced to perpetrate fraud or wrong. . . . The equitable doctrine has superseded the legal doctrine almost entirely at this day, for in England the equitable doctrine

controls in courts of law by statute, while in many of the United States equitable remedies can be had in courts of law. (20 Am. & Eng. Enc. Law [2nd Ed.] pp. 590, 591.)

Merger takes place when a greater and lesser estate come together in the same person, and when there is no reason for their longer existence as separate estates. The doctrine has its foundation in the convenience of the parties interested, and therefore whenever the rights of strangers, not parties to the act, that would otherwise work an extinguishment of the particular estate, require it, the two estates will still have a separate continuance in contemplation of law. *Moore v. Luce,* 29 Pac. 260, 263 (72 Am. Dec. 629).

See, also, *Robertson v. De Brulatour,* 188 N. Y. 301 (80 N. E. 938); 16 Cyc. 665, 668; 39 Cyc. 248; *Cushman v. Coleman,* 92 Ga. 772 (19 S. E. 46).

There is no merger. Other points are argued, but what we have said disposes of the case.

The judgment of the district court was right, and it is— *Affirmed.*

Lᴀᴅᴅ, C. J., and Eᴠᴀɴs and Wᴇᴀᴠᴇʀ, JJ., concur.