## C. A. REMINGTON v. ALBERT M. SABIN.[1]

### April 20, 1916.

### Nos. 19,754—(149).

**Garnishment — insurance money from homestead exempt.**

Where the owner of a homestead insures the same against loss by fire and the property is subsequently destroyed, the person who furnished material for the construction of the building, in the absence of some contract stipulation, has no claim to or lien upon the insurance money, by force of section 12, article 1, of the Constitution, or otherwise, and such insurance money is exempt from garnishment under subdivision 13, § 7951, G. S. 1913.

Action in the district court for St. Louis county to recover a balance of $1,109.23 for building materials sold and delivered to defendant. Judgment by default. The Fire Association of Philadelphia was garnished. From an order, Hughes, J., dismissing the garnishee proceedings, plaintiff appealed. Affirmed.

*Archer & Pickering,* for appellant.

*Montague & Montague,* for respondent.

BROWN, C. J.

Defendant was the owner of certain real property in the village of Spina, St. Louis county, and some time in the year 1912 constructed a dwelling house thereon. He thereafter occupied the premises with his family as his homestead, and the same was exempt from seizure or sale on execution, except for debts incurred for labor or material used in the construction of the building. Thereafter defendant mortgaged the property to one McCoy, and procured a policy of insurance thereon in the sum of $1,500, payable to the mortgagee as his interest might

[1]Reported in 157 N. W. 504.

appear. The property was destroyed by fire in May, 1915. Plaintiff furnished material for the construction of the building of the value of about $1,400, and under section 12, article 1, of the Constitution was entitled to a lien upon the property to enforce payment of the same. Plaintiff filed no lien under the mechanic's lien statute, or otherwise attempted to subject the property to the payment of his claim, prior to the destruction of the same by fire, which occurred, as just stated, in May, 1915. Thereafter, in October, 1915, plaintiff brought action to recover the value of the material so furnished for the building, alleging that it was sold and used for that purpose, and was of the value of $1,409.23, no part of which has ever been paid except the sum of $300. At the same time plaintiff caused garnishment process to be issued and served upon the insurance company, thereby seeking to charge the insurance money with payment of plaintiff's claim. In due course of procedure the garnishee disclosed that there was due under the insurance policy the sum of $1,500, and that it was payable to the mortgagee, McCoy, as his interest should appear. The money was paid into court to abide the further order of the court, and on stipulation of the parties a part thereof was paid to the mortgagee in full discharge of the mortgage debt. Judgment having been rendered in the main action against defendant for the amount claimed in the complaint, plaintiff applied for the balance of the insurance money, on the theory that he was entitled to resort thereto in payment of the judgment. The trial court held, under subdivision 13, § 7951, G. S. 1913, that, since the money was the proceeds of insurance upon the homestead, it was exempt and not subject to garnishment proceedings. Plaintiff appealed.

The insured property constituted the homestead of defendant; of this there is no question. The insurance was procured by defendant, was his personal contract, and was payable to the mortgagee, as his interest might appear. That the surplus over and above the interest of the mortgagee belonged to defendant, the insured, there is no question, nor can there be any question but that such surplus was exempt to him under the provisions of section 7951, supra, the validity of which cannot well be called in question. Unless, therefore, the provisions of section 12 of article 1, of the Constitution, by which the homestead is rendered liable for debts for material and labor used in its construction and re-

pair, extends to and renders liable for such debts the insurance upon the property, the trial court correctly disposed of the case in dismissing the garnishment proceedings. The question is disposed of by the decision in Imperial Elev. Co. v. Bennett, 127 Minn. 256, 149 N. W. 372. It was there held that where the owner of real property insures his interest therein against loss by fire, in the absence of contract obligation the holder of a mechanic's lien on the property has, after a loss by fire, no claim upon the insurance money. In that case, the facts of which are substantially like those at bar, the party claiming a right to the insurance money had a lien upon the property, not merely a right to a lien as in this case, and such lien was paramount to the mortgage for the payment of which the insurance policy expressly provided, yet it was held, following the authorities there cited, that the lienholder had no right to the money as against the mortgagee, and this on the theory that the lien did not extend to the insurance money. In this respect the cases cannot be distinguished, though the question of homestead liability for debts contracted for material and labor was not involved in that case. But this fact does not change the legal aspect of the question. It is of course to be conceded in this case that the property was liable for the payment of plaintiff's claim, and he could have enforced the claim against the property in proceedings brought for that purpose. But the insurance money does not stand in the place of the property, and neither a lien, nor the right to a lien, extends beyond the property or attaches to the insurance thereon. Ward v. Goggan, 4 Tex. Civ. App. 274, 23 S. W. 479. Such was the ruling in the Bennett case, supra. Counsel practically concedes this theory of the law, but contends that our statutes exempting insurance money, received from the loss of exempt property, and the constitutional provision subjecting the homestead to liability for debts for material and labor, should be construed as having been intended to include the proceeds of insurance upon such property. Neither the statute nor Constitution contains any language which will permit of this interpretation. The rule applied in the Bennett case, supra, was the law of this state long before the amendment of the Constitution. Ames v. Richardson, 29 Minn. 330, 13 N. W. 137. And, if there had been any intention of changing the rule, the matter would have been made clear by a definite statement that insurance money

received for the loss of exempt property should also be subject to the payment of debts for material or labor. It does not so provide, and plaintiff stands in the same position as other creditors, and the insurance money exemption statute applies.

Counsel are in error in the contention that in the Bennett case it was held that the creditor had the right to the insurance money over and above that paid to the mortgagee. Such was the ruling of the trial court in that case, but whether the decision was right or wrong was not involved on the appeal to this court. The appeal presented only the question whether the insurance money was or was not properly granted to the mortgagee. We sustained the trial court in that respect, and the questions involved in that conclusion were the only matters considered or determined.

Order affirmed.