C. D. BENNETT, Administrator, Appellee, v. MATTIE M. PRIMER, Appellee, et al., Appellants.

**WILLS: Codicil Working Revocation.** The devise of a remainder after 1 the termination of a life estate is not canceled by a codicil which withdraws the life estate and substitutes a trust estate (1) for the support for life of the former life devisee and (2) for the furnishing of an annuity to the remainderman for the lifetime of said former life devisee. This is true even though the remainderman is, by the codicil, made trustee of said trust estate.

**WILLS: Merger of Equitable Into Legal Estate.** Principle reaffirmed 2 that, when one has an equitable estate, and later acquires the legal estate, the former will be merged into the latter, when such merger is to the interest of the legal holder.

*Appeal from Keokuk District Court.*—CHARLES A. DEWEY, Judge.

SEPTEMBER 28, 1921.

ACTION in equity to construe a will. The trial court construed the will and codicils together, and as claimed by plaintiff and by defendant Mattie M. Primer, giving to her the estate. The other defendants appeal.—*Affirmed.*

*F. M. Beatty* and *C. C. Heninger,* for appellants.

*Willcockson, Hamilton & Updegraff, Stockman & Baker,* and *John D. Denison,* for appellees.

PRESTON, J.—The property of the deceased is, for the most part, real estate, consisting of about 100 acres of land in Keokuk County, Iowa, and a home place in town. There was a small amount of money, and the executor has collected rents on the property since the death of testator. The testator, Benjamin H. Veach, died February 13, 1917, without issue. His will and two codicils were admitted to probate in February, 1917, and plaintiff Bennett was appointed administrator and trustee, in place of Mattie Stanton Primer, who had filed a written refusal to serve, because of her residence in California. Testator left a widow, Henrietta Veach, who died intestate in November, 1918, without issue. Henrietta was adjudged insane in July, 1913, and committed to the hospital at Mount Pleasant. She was an inmate of the hospital at the time of her husband's death, and she died while an inmate. After the death of testator, and in April, 1917, the district court elected, for the widow, to take the distributive share of the estate of testator, in lieu of the provisions of the will and codicils made in her behalf. The defendant Mattie M. Primer, formerly Stanton, was the niece of Henrietta Veach, and for some years lived with testator and his wife. She was past 30 years of age when testator died, and was 32 years of age at the time this action was brought. She was married in October, 1915, and has two children, who are now living. The other defendants are the heirs of testator, some of them brothers, sisters, grandchildren, and so on.

The will, executed in 1901, after providing for payment of debts, etc., provides:

"Second. I give and bequeath unto my beloved wife, Henrietta Veach, all my property, both real and personal, for the period of her natural life. She to make use of same for her sole use (and the education of Mattie Stanton) so long as she may live.

"And I hereby direct and will that after the death of my said wife Henrietta Veach, the remainder of said estate both

<div style="margin-left:2em; font-size:small">1. WILLS: codicil working revocation.</div>

real and personal I give and bequeath to Mattie Stanton in case she is living at the death of her aunt Henrietta Veach.

"What real property is left to Mattie Stanton shall not be sold until she is thirty years old but she shall have full control of it. And in case the said Mattie Stanton should not live and die without heirs, then I direct that the real property be sold and the proceeds added to what personal property there may be. The sum of same to be equally divided among my nieces, including my wife's nieces by whatever name they may bear.

"I hereby appoint as executrixes my wife, Henrietta Veach, and Mattie Stanton. I request that they be not required to give bond as such."

The first codicil, executed in 1911, makes but one change in the original will, and provides:

"It is my will that all of the aforesaid will be and remain as therein written, excepting however, that where the word 'heir' appears therein that said word be erased therefrom and the word 'children or issue' be inserted in its place and stead."

The second codicil, executed in August, 1914, about a year after his wife had been committed to the asylum (omitting formalities) provides:

"Under date of September 5, 1901, I made, published and declared my last will and testament, in and by which I did bequeath and devise my property, and now wishing to change the terms and provisions of said will, I now change the terms and provisions thereof as follows: .

"I. I hereby cancel the appointment of Henrietta Veach, as an executrix of my estate, and hereby nominate and appoint Mattie M. Stanton, or her successor to be appointed by the court, as the sole executrix of my last will.

"II. I give and devise all of my property to Mattie M. Stanton as my executrix, in trust for the purposes and to be disposed of as follows:

"(a) So much of the income of my property as is necessary shall be used for the care, comfort, support and maintenance of my beloved wife, Henrietta Veach, so long as she shall live, and I do so order, will and direct.

"(b) Out of any remainder of the said income and rentals arising from my property, there shall be paid yearly to said

Mattie M. Stanton an amount not exceeding five hundred (500) dollars.

"(c)   In the event that the income of my property shall not be sufficient to provide the needed amount for the care, support and maintenance of my said wife, and the said sum above given to Mattie M. Stanton, then the said Mattie M. Stanton as executrix herein, shall be and is hereby authorized and given full power, at such times and on such terms as she deems best, to sell such part or parts of my real property as shall be deemed by her necessary to provide for the said support of my wife and the said provision made for her, and the additional amounts thus provided for said purposes.

"III.   The provisions herein made for my wife Henrietta Veach, shall be in lieu of dower and distributive share in my estate.

"IV.   I hereby request that said Mattie M. Stanton shall not be required to give bond as executrix herein, except that if any of my real estate shall be sold under the provisions of my will, then the said executrix shall give bond in such amount as the court shall deem right and proper in the premises.

"V.   And lastly it is my desire that this second codicil be annexed to and become a part of my said last will and testament, the same in all respects as though the provisions hereof had been inserted therein in lieu of the original provisions therein specified."

The facts are not disputed; and the trial court found the facts as before stated, and ruled that the defendants other than Mattie M. Primer had no interest in the property, and judgment was rendered against them for costs. The court found for plaintiff and defendant Mattie, as follows:

"That, under the terms and provisions of the said last will and testament and the codicils thereto of the said Benjamin H. Veach, deceased, the said testator devised to the said Mattie M. Primer (neé Stanton), in trust, the income of his property for the care, support, and maintenance of his wife, Henrietta Veach, and the payment to the said Mattie M. Primer of the sum of five hundred dollars ($500) annually during the life of Henrietta Veach, and so much of the corpus of his estate, after using the said income for such purpose, as should be needed to pro-

vide for said care for his said wife and the payment of said
annuity to the said Mattie M. Primer, said trust to terminate at
the death of said Henrietta Veach; that, subject to the said
trust, the said will devises all of testator's estate to said Mattie
M. Primer; and that, upon the death of said testator, the said
Mattie M. Primer becomes vested with a fee-simple title in and
to all of the estate of said testator.''

By appropriate order and decree the court directed the ad-
ministrator to proceed in the settlement of the estate, and in
accordance with the decree. The appellate record reveals the
fact that, owing to the election of the widow, through the court,
to take her distributive share, this controversy involves only
two thirds of the estate.

Appellants' contentions, summarized, and stated as briefly
as may be, are that the court erred in failing to find that testa-
tor's intention as to his entire estate was expressed in the second
codicil, the claim being that, because the disposition of the prop-
erty there made was inconsistent with the provisions of the
original will, said codicil superseded and revoked entirely the
original will, and that the first codicil may be disregarded, and
that the last codicil alone constitutes the last will of testator;
that, under the last codicil, the property should go to testator's
heirs, according to the rules of descent; that, upon the termina-
tion of the trust, the entire estate, under a proper construction
of the codicil, should go to the defendants, heirs of the testator.
There is also some suggestion that, under the provisions of the
codicil, a contingent remainder is devised, or the limitation by
way of remainder after the gift of the life estate.

1. The principal argument is based upon the proposition
that the last codicil entirely revokes and supersedes the original
will. It is doubtless true, as contended by appellants, that, where
there is a conflict between the terms of the will and a codicil, the
codicil, being the last expression, will govern; but it does not
follow that the original will is necessarily revoked. Manifestly,
testator desired and intended to make some changes by the
codicil. That was the very purpose of it. It is probable that
one of the reasons for making some change was because of the
changed conditions in regard to his wife, Henrietta. It is
thought by appellants that a subsequent will or codicil, disposing

of the entire estate in a different manner, revokes the former will. The argument proceeds upon the assumption that the entire estate is disposed of by the codicil, and in a different manner; but it will be observed that the original will gives a life estate to the widow, and the only provision anywhere disposing of the remainder is found in the original will. The last codicil establishes a trust, for a time and for certain purposes, the income to be used to care for his wife, and a certain amount to Mattie Stanton. This was the purpose and scope of the codicil. Furthermore, both codicils refer to the will, and the expressions therein fairly show, we think, that it was not testator's intention to revoke the original will, and the legal effect of the codicils is not to revoke it. The first codicil makes no change, except to change the word "heir" to "children or issue." The last codicil refers to the original will, and states that he desires to change the terms and provisions thereof; that the said codicil is to be annexed to and become a part of his said will, and so on. A codicil does not necessarily revoke the provisions of the will of which it becomes a part. Ordinarily, it republishes and reaffirms, and is to be construed with it as one entire instrument, and does not revoke, unless by some plain direction or by force of the clear import of language in some inconsistent or repugnant provision. In order that a codicil shall operate as a revocation of any part of a will, in the absence of express words to that effect, its provisions must be so inconsistent with those of the will as to exclude any other legitimate inference than that of a change in the testator's intention. It is fundamental that a will and codicil should be construed together; and, unless there is an irreconcilable conflict or discrepancy between them, the codicil is no more the last expression of testator's intent than if it had been written as a part of the original instrument. Numerous authorities are cited on these several propositions and others; but it is clear to us that appellants' contention as to the revocation cannot be sustained, and we shall not prolong the discussion in reference thereto.

2. A brief analysis of the original will shows that it provided as follows: For payment of debts; for a life estate to Henrietta and for her use; for the education of Mattie Stanton, as long as Henrietta should live; at death of Henrietta, remain-

der to Mattie Stanton, if Mattie should be alive at Henrietta's
death, otherwise to Mattie's heirs; but if Mattie is alive when
Henrietta dies, then Mattie to have the remainder of the estate
and control of it, but not to sell it until she is 30 years old;
should Mattie die before Henrietta, without heirs, the remainder
left at Henrietta's death to be divided among the nieces of Ben-
jamin and Henrietta. It appoints both Henrietta and Mattie
executors. The first codicil changes the word "heir," as be-
fore stated. The second codicil leaves the provisions as to pay-
ment of debts as in the original will, and make the following
changes: Appoints Mattie sole executrix; gives all the property
to Mattie as sole executrix in trust for the purpose of supporting
Henrietta during her life, from the income; gives Mattie $500
annually out of the balance of the income, and rentals, if suf-
ficient, and if not, allows Mattie to sell so much as may be neces-
sary; contains the expressed intention that it shall become a
part of the original will, etc. Construing the three instruments
together as one, there is given to Mattie, executrix, as trustee,
a particular estate for the life of Henrietta, with power of alien-
ation, if necessary, and the trust estate is seized to the use of
Henrietta and Mattie, for support of Henrietta and the annual
payment to Mattie during the life of Henrietta. If Mattie
should predecease Henrietta, without children or issue, the prop-
erty was to be sold and divided among the nieces of testator
and his wife at the wife's death. If Mattie should predecease
Henrietta, leaving children or issue, the estate and remainder
vested in Mattie should go to her children or issue at Henrietta's
death. If Mattie, with or without issue, should outlive Henri-
etta, she would take the estate and remainder, limited as to the
sale until she should reach the age of 30 years. The conditions
in regard to children or issue of Mattie, and as to her age, are
out of the case, and need not be considered; since she has chil-
dren, and she is past 30, and such conditions existed at the time
of testator's death.

   Plaintiff Bennett, as trustee, took the particular estate for
the life of Henrietta, charged with the benefits to her and Mattie,
and with power, for the life of Henrietta; but
2. WILLS: merger
of equitable into    the court, for Henrietta, elected to take her dis-
legal estate.        tributive share in the estate, in lieu of the provi-

sions made for her in the will. So that, at Henrietta's death, intestate, without issue, Mattie's estate in remainder merged with her beneficial interest in the trust estate, thus giving her the fee. Because of the election for the widow, her death, and the other conditions existing at the death of testator, before stated, there was an acceleration and merger. The trustee holds the legal title merely to perform the duties imposed by the trust, and is not the holder of a beneficial interest. 21 Corpus Juris 1037, 1038, states the rule thus:

"It is generally held, although there is authority to the contrary, that, whenever the legal and equitable estates in the same land become united in the same person, the equitable is merged in the legal estate, unless it is the intention of the party in whom they unite, or manifestly to his interest, or essential to the ends of justice, or necessary to protect the rights of an innocent third party, or necessary to carry out the purposes and intentions of the donors, that the estates should be kept separate."

None of these exceptions obtain in the instant case. It was to Mattie's interest that the estates should merge. *Sherlock v. Thompson,* 167 Iowa 1; 3 Corpus Juris 208; *Ellsworth College v. Emmet County,* 156 Iowa 52, 60. See, also, as having a bearing, *Lingo v. Smith,* 174 Iowa 461, 468.

We shall not again review these and the other cases. We are of opinion that the trial court rightly construed the will, and the decree is—*Affirmed.*

EVANS, C. J., WEAVER and DE GRAFF, JJ., concur.