## FRANK CETKOWSKI v. ANTON KNUTSON AND ANOTHER.[1]

June 19, 1925.

No. 24,647.

**When vendee of real estate in executory contract of purchase has insurable interest.**

1. A vendee in possession of real estate under an executory contract has an insurable interest, even though the contract is subject to rescission for his fraud.

**When such vendee is trustee for vendor as to fire loss collected.**

2. If the contract was induced by the fraud of the vendee and therefore subject to rescission by the vendor, the vendee is so far a trustee for the vendor that insurance on the buildings, under which loss occurs during the vendee's possession, will enure to the benefit of the vendor.

1. See Fire Insurance, 26 C. J. pp. 32, 33, § 14.
2. See Fire Insurance, 26 C. J. p. 437, § 586 (Anno).

2. See note in 37 L. R. A. 150. See note in 13 L. R. A. (N. S.) 909; 27 R. C. L. pp. 558, 559. See note in 22 A. L. R. 575.

Action in the district court for Marshall county. The case was tried before Grindeland, J., who ordered judgment in favor of plaintiff. Defendant appealed. Affirmed.

*A. N. Eckstrom*, for appellant.

*C. M. Ascham, Julius J. Olson* and *Rasmus Hage*, for respondent.

STONE, J.

Action on a policy of fire insurance. Plaintiff prevailed below and defendant insurance company appeals from the judgment. The other defendant, Anton Knutson, is no party to this appeal, but his relationship to the case is important.

In August, 1921, plaintiff contracted with Knutson to convey to him a Marshall county farm in exchange for other real estate. The

[1] Reported in 204 N. W. 528.

contract remained executory. Deeds were placed in escrow pending examination and approval of titles. They were never delivered, for plaintiff claimed and established fraud on the part of Knutson and succeeded, by action, in having the contract rescinded and the ownership and right to possession of his farm restored to him. The rescission did not become effective until some time after December 22, 1922.

In the meantime, plaintiff had put Knutson in possession of the farm. While so in possession, as plaintiff's vendee under the executory contract, Knutson procured insurance on the buildings and certain personal property of his own from defendant insurance company. The policy was effective during February, 1922, when the insured dwelling, together with certain personal property of Knutson's, was destroyed by fire. This, it will be observed, was while the contract between plaintiff and Knutson was still in effect; that is, the fire occurred and the resulting rights became fixed before the rescission of that contract.

Defendant Knutson seems not to be making any claim, for himself or plaintiff, to the insurance on the dwelling. He is joined as a party defendant simply in order to have his rights, if any, determined. The insurance company's liability to Knutson for the loss of his personal property was recognized by payment, but the claim under the same policy for the loss of the dwelling is resisted upon two grounds, viz: (1) That defendant Knutson had no insurable interest in the real estate of which the dwelling was a part, and (2) plaintiff cannot recover because he had no contractual relation, under the insurance policy or otherwise, with defendant insurance company, upon which to predicate the desired recovery.

1. A vendee in possession under an executory contract of sale has an insurable interest. Holbrook v. St. P. F. & M. Ins. Co. 25 Minn. 229; Kells v. N. W. Live Stock Ins. Co. 64 Minn. 390, 67 N. W. 215, 71 N. W. 5, 58 Am. St. 541; 26 C. J. 32. That the contract is voidable for fraud matters not as long as it remains unavoided; for the rights it creates remain until the rescission is accomplished. That is so because the question is not as to its value but the existence "of any legal interest to sustain the contract of insurance and

to prevent the policy being a mere gambling contract." Holbrook v. St. P. F. & M. Ins. Co. supra.

2. But it doesn't decide the case to hold that Knutson had an insurable interest, for recovery is now sought by his vendor. In favor of the latter there was no insurance, and under the contract to convey there was no obligation on Knutson to insure—for the benefit of the vendor or otherwise. Plaintiff did not protect himself and the insurance now in question was procured by his vendee for his own protection.

Long ago, it became "too well settled to be questioned, that policies of insurance against fire are personal contracts with the assured, which do not attach to the realty, or in any manner go with the same, as incident to a conveyance or transfer of the title to lands." Culbertson v. Cox, 29 Minn. 309, 13 N. W. 177, 43 Am. St. 204; Imperial Elev. Co. v. Bennett, 127 Minn. 256, 149 N. W. 372; Remington v. Sabin, 132 Minn. 372, 157 N. W. 504. But the proceeds of an insurance policy may be affected by a trust for the benefit of someone other than the named insured. That was the case in Culbertson v. Cox.

The case of Mitchell v. McDougall, twice in the supreme court of Illinois (62 Ill. 498, and, sub. nom. Phoenix Ins. Co. v. Mitchell, 67 Ill. 43), is the principal authority for plaintiff. Originally it was a suit to set aside a conveyance of land by plaintiffs induced by the fraud of the grantee, McDougall. Pending the litigation, the buildings burned. The only insurance had been obtained by McDougall under a policy for his sole benefit, except that it made the loss, if any, payable to certain mortgagees under a mortgage put on the property by the plaintiffs before their conveyance, the debt secured by which McDougall had expressly assumed and agreed to pay. The insurance company was brought in by supplemental bill, for the purpose of compelling payment of the insurance to the mortgagees, pro tanto, and the balance to the plaintiffs, who stood in relation to the insurance just as plaintiff does here. On hearing, plaintiffs suffered a dismissal of their bill, but on appeal secured a reversal. The opinion concerns mainly the issue between plaintiff and Mc-

Dougall. It gave scant consideration to the defenses of the insurance company.

The case went back for trial on the merits and, plaintiffs prevailing against both McDougall and the insurer, the latter alone appealed, so presenting squarely its defense against the vendor's right to recover from it. The decree was affirmed (67 Ill. 43), upon the ground that McDougall, the insured, although holding under a deed finally avoided for his fraud, had an insurable interest and, "as between him and Mitchell, his vendor, the insurance money represented the property destroyed," and which, it might have been added, he was obliged to restore, but, because of the fire which *he* was insured against, he could not restore to the plaintiffs.

The subject is discussed in notes appearing in 37 L. R. A. 150 and 13 L. R. A. (N. S.) 909. The latter note is appended to the report of Zenor v. Hayes, 228 Ill. 626, 629, 81 N. E. 1144, where it was held a vendor could not reach insurance in the hands of the vendee because the debt from the latter was not due. The case is distinguished from Mitchell v. McDougall, supra, because the latter was against a "fraudulent vendee" and upon the ground that "in that case the vendee's fraud entered into and vitiated the contract itself, and, if he could have collected and held the insurance money, he would to that extent have profited by his own fraud." The earlier note is appended to Williams v. Lilley, 67 Conn. 50, 62, 34 Atl. 765, where decision was put upon the idea that insurance moneys stand as a substitute for the destroyed building and are considered in equity, in a proper case, as inuring to the benefit of one beneficially interested as owner. Accordingly, the insurance in question was applied to the purchase price. True, the premiums had been paid by the vendee but the contract of insurance was between insurer and vendor. The vendee was no party to it. The holding was that, the fire having occurred, the resulting insurance money was a substitute in equity for the damaged building and the plaintiff was "entitled to receive such money as part and parcel of the property, which it would have been the duty of the defendants to convey to him."

That is our holding here. Plaintiff is entitled to Knutson's claim against the insurance company as a substitute in equity for the dwelling now destroyed and as "part and parcel of the property" which it was the duty of Knutson to restore to him upon the rescission of their contract.

The theory of constructive trusteeship is frequently applied to the relationship of vendor and vendee, the former being considered as trustee of the legal title and the latter of the unpaid purchase price. Because of that trusteeship, the vendor in many cases has been compelled to give the vendee credit on unpaid purchase money for insurance procured for his own benefit. State Mut. Fire Ins. Co. v. Updegraff, 21 Pa. St. 513; Reed v. Lukens, 44 Pa. St. 200, 84 Am. Dec. 425. "So far as the vendor is secured the purchase money by a policy of insurance, the vendee is correspondingly benefited towards the payment of it." Hill v. Cumberland Valley Mutual Protection Co. 59 Pa. St. 474. See also 5 Pomeroy, Eq. (2d ed.) § 2283.

If that is the rule as against a vendor obligated to convey to his vendee, it certainly should operate with equal facility upon a vendee who, because of a rescission for his fraud, has become obligated to *restore* the premises to his vendor. In such a situation, the vendee has ceased to be a trustee of the purchase price, the obligation to pay which has vanished, and has become instead a trustee of the property itself. The duties of that trusteeship relate back, through the rescission, to his going into possession originally. Therefore he holds for the beneficiary, the vendor, any insurance on the buildings which have been destroyed during his possession.

However personal a contract may be, a matured money claim under it is ordinarily the subject of assignment. It is a chose in action, property, subject to all the mutations from time to time undergone by that kind of property. The transfer of it may be voluntary or by operation of law through such processes as attachment, equitable assignment, subrogation or its subjection to a constructive trust.

Because of his having procured its possession through fraud, Knutson was, during his possession, a trustee ex maleficio, of plaintiff's property. And since when has a trustee been entitled to retain the

proceeds of insurance on trust property upon returning to the beneficiary the remaining corpus of the trust estate? Whatever the situation might have been had there been no fraud, we hold that while he retained the fraudulently procured possession, Knutson was a trustee, and that insurance in his favor on the trust property, which on rescission he was obligated to return, now stands as a substitute for the property destroyed, and, as such, the plaintiff is entitled to the benefit of it.

That is not making the insurance company the insurer of plaintiff. It is rather the simple holding that its obligation to Knutson, fixed and liquidated by the fire, will now be laid hold of, as a substitute in Knutson's hands for the burned dwelling, for the benefit of plaintiff, who as owner of the property is in equity and good conscience entitled to what is now the only substitute for it. The opposing argument fails of its mark, in our opinion, because, while a fire policy is personal as between insurer and insured, yet, as between the latter and one entitled to the property, the insurance may stand in lieu of it and therefore be impressed with a trust.

That is but another way of putting the idea that the matured right of an insured to collect insurance is a chose in action and as such the property of the insured with the disposition of which, particularly by operation of law, the insurer is not much concerned. The supposed authorities contra fail of application because they lack the element, present here, of an insured in the position of a trustee, by reason of his fraud, for the vendor seeking the benefit of the insurance. The ordinary vendee is not a trustee of insurance for his own benefit.

For example, in McCutcheon v. Ingraham, 32 W. Va. 378, 9 S. E. 260, it was held that the vendor had no right to the insurance through an equitable lien or otherwise. There was no element of fraud. A similar case is Tongue v. Nutwell, 31 Md. 302, where "A, having recovered from B, in ejectment, a moiety of certain land, sued B in an action of trespass for mesne profits. B had insured, on his own account, a house on the land, which was afterwards destroyed by fire, and he recovered on the policy of insurance." It was held that A could not recover the amount of the insurance, for

"B, as owner of one moiety of the land, had an insurable interest in the property, and having insured it for himself, and in no sense as the agent for A, the latter could have no rights under the contract." It is easy to see that the result might have been the opposite if the facts had justified a holding that B was a trustee for A. As to insurance in favor of a vendor, see Russell v. Elliott, 45 S. D. 184, 186 N. W. 824, 22 A. L. R. 556, and Brownell v. Board of Education, 123 Misc. 64, 204 N. Y. Supp. 150.

Judgment affirmed.