## No. 13,286.

### DOLAN *v.* SPENCER.

(21 P. [2d] 411)

Decided April 3, 1933.   Rehearing denied April 24, 1933.

Mr. E. G. VANATTA, for plaintiff in error.

Mr. J. F. MEADOR, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as Dolan and defendant in error as Spencer.

Insured buildings, on land held under lease and option to purchase, burned. The question is, who gets the insurance?

Spencer owned 440 acres of land, with improvements and water rights, which carried a $7,000 mortgage.  She

leased to Dolan for three years, expiring November 1, 1932. If Dolan paid taxes, and interest on the mortgage, and on or before November 1, 1932, paid $1,000 with two years' interest thereon at five per cent, he was to have a warranty deed, subject to said mortgage. Buildings of the approximate value of $11,000 located on the premises were, at the date of the contract, insured for $7,000. The policies provided for payment or rebuilding. Dolan took possession November 1, 1929, and complied with his contract. March 3, 1930, a fire occurred causing a loss of more than $10,000. Dolan demanded rebuilding, but Spencer settled with the insurance companies for approximately $900 less than the loss. Out of the payment she discharged approximately $3,600 of the mortgage debt and retained approximately $450. Thus Dolan also lost the use of the buildings for thirty-four months. He brought this action against Spencer to recover for this loss, plus the amount retained by Spencer, and plus the reduction on settlement, making a total of a little more than $2,000. He demanded the application of $1,000 of this to the payment of that amount which under his contract was due November 1, 1932, judgment for the balance, and the execution to him of a warranty deed as per Spencer's agreement. To his complaint, containing such recitals and such a prayer, a demurrer for want of facts was sustained, Dolan elected to stand, and to review the judgment thereupon entered against him he prosecutes this writ and asks that it be made a supersedeas.

The only error assigned is the order sustaining the demurrer. The sole question raised is, who was entitled to the insurance? If Spencer, the judgment must be affirmed. If Dolan, it must be reversed, because there is no other contention that the complaint is not otherwise good.

It is admitted that there is some conflict in the authorities. It is not claimed that the question has heretofore been before this court. The general rule seems to be that under such facts as those now before us, the insur-

ance stands in lieu of the burned property and goes to the purchaser. 27 R. C. L., p. 559, §298; *Williams v. Lilley,* 67 Conn. 50, 34 Atl. 765, 37 L. R. A. 150.

Spencer insists that the interests of the parties must be determined as of the date of the fire; that at that time Dolan was a mere lessee, holding an unexercised option to buy; and on that theory authorities are cited to support the judgment. But at that date Dolan still had more than two and one-half years in which to exercise his option. Had there been no insurance he yet had a right to demand his deed. This he might well have done had the loss been small. If he still wishes to buy and Spencer may keep the insurance, she gets paid twice for the buildings, once by the insurance companies and once by Dolan, and the latter does not get what he bought. When the buildings burned and Spencer could not, therefore, keep her contract to sell, she still permitted that contract to stand, permitted Dolan to continue in possession under it and pay interest and taxes. But, most important of all, she permitted him to make a substantial payment on the $7,000 mortgage, which payment was consistent only with his election to purchase and which we think was such election. If, as we conclude, this insurance goes to Dolan, Spencer gets everything she bargained for and Dolan gets no more. Justice is thus done between the parties and this interpretation of the contract is supported by the sound reasoning of the Supreme Court of Errors of Connecticut in *Williams v. Lilley, supra,* which we think, notwithstanding some variation in facts, here applicable.

The judgment is reversed and the cause remanded with directions to overrule the demurrer and proceed in harmony herewith.