NELSON PROPERTIES, INC., v. H. W. DENHAM.

167 So. 35.
Opinion Filed March 6, 1936.
Rehearing Denied April 13, 1936.

*Clarence W. Nelson,* for Appellant;
*Arthur S. Friedman,* for Appellee.

DAVIS, J.—This was a proceeding in equity. The appeal is here from an order of the Chancellor refusing to dismiss the bill of complaint filed by H. W. Denham, as complainant, against Nelson Properties, Inc., a Florida corporation, and Clarence W. Nelson, as defendants. The relief prayed was in substance specific performance of a written contract that had been entered into between Nelson Properties, Inc., and complainant's assignors, O. R. Chupp, and Stella N. Chupp.

The bill of complaint alleges that on February 20, 1933, said O. R. Chupp and Stella N. Chupp entered into an agreement in writing with Nelson Properties, Inc., the owner of certain property therein described, by the terms of which the Chupps agreed to rent said land from said Nelson Properties, Inc., for the sum of $10.00 per month for thirty-six consecutive months, payable monthly in advance, subject to the condition that if the tenants should comply with the terms and provisions of the said rental agreement that they were to have an option to purchase the rented property at the date of the expiration of the rental agreement, to-wit, January 20, 1936, title thereto to be conveyed by special warranty deed for the sum of $402.00, payable as follows: $360.00 credit in the form of rent paid during the rental term, plus $42.20 additional to be paid at the time of exercising the option. On May 18, 1933, the Chupps assigned their contract interest to one H. W. Denham, the appellee in this case, who immediately

thereafter went into physical possession of the premises and occupied the house erected and constructed thereon. On or about December 12, 1934, fire destroyed the house so occupied by Denham on the premises covered by the contract and pursuant to terms of the insurance contracts that were carried on the same the sum of $500.00 was paid to Nelson Properties, Inc., for the loss. Under the terms of the written contract of February 20, 1933, the lessees had agreed to insure the destroyed property in the name of Nelson Properties, Inc., and for its benefit in the sum of $500.00, and it is the insurance so contracted for and taken out that forms the basis of this suit.

It was Denham's contention in the court below, and in that contention he was sustained, that although the contract in question which existed between him and the Nelson Properties, Inc., for a rental of the premises, coupled with the option to buy at the end of the rental period upon the payment of $42.20 in addition to the rent already paid, that the insurance carried on the premises inures to the benefit of the tenant and entitles him to stand on his contract which was not in default at the time of the destruction of the property by fire, and thereupon to demand and receive from Nelson Properties, Inc., a special warranty deed as contracted for, with like force and effect as if the contract had been fully performed on the part of the tenant and had ripened into a completed purchase of the property by exercise of the tenants' option to purchase as of the date of the fire, which occurred a little over one year before the rental contract period expired according to its own terms. At the time of the fire, complainant or his assignors had paid over and delivered to the defendant, Nelson Properties, Inc., each and all of the installments due to be paid to it up to and including December 20th,

as well as an additional service payment in the amount of $62.55, which by agreement was placed as a credit to the complainant on the last payment due on the contract prior to January 20, 1936.

It will thus be seen from a statement of the controversy as hereinbefore given that the proposition required to be decided is: "Who gets the fire insurance carried on insured buildings on land held under a lease and option to purchase when the buildings burn at a time when the tenant is not in default under his contract, nor has the period of tenancy expired, nor the date arrived upon which the tenant is entitled to exercise his option to purchase according to its precise terms?"

In our view of the case the proper decision of the question just stated does not turn upon the status of the parties as of the date of the fire. This is so, because on that date Denham's relation to the premises, although that of lessee thereof at that time, was nevertheless, designed, understood and intended by the parties to be incidental to a broader connection with the property as an inchoate purchaser thereof.

Had the property which was the subject of the contract between the parties remained undestroyed by fire, Denham was entitled to declare his option to take the property by demanding a deed purusant to the contract after his occupancy of it as a tenant at the stipulated time had run. The injured property and the sum received for the injury in the form of insurance still constitutes the estate contracted to be conveyed to Denham in the event of his exercise of his option to purchase. Thus viewed, the insurance stands in lieu of the burned property which Denham had the right to purchase upon compliance with the terms of his contract and therefore should go to him as a purchaser

under the contract when he brings his bill to have specifically performed the agreement under which his rights have accrued.

The case of Dolan v. Spencer, 92 Colo. 389, 21 Pac. Rep. (2nd) 411, involved an analogous situation to that presented in the case at bar. In the Colorado case the Supreme Court of that State, speaking through BURKE, J., said:

"Insured buildings, on land held under lease and option to purchase, burned. The question is: "Who gets the insurance- * * *

"It is admitted that there is some conflict in the authorities. It is not claimed that the question has heretofore been before this Court. The general rule seems to be that under such facts as those now before us, the insurance stands in lieu of the burned property and goes to the purchaser. 27 R. C. L. p. 559, Sec. 298; Williams v. Lilley, 67 Conn. 50, 34 Atl. Rep. 765, L. R. A. 150.

"Spencer insists that the interest of the parties must be determined as of the date of the fire; that at that time Dolan was a mere lessee, holding an unexercised option to buy; and on that theory authorities are cited to support the judgment. But at that date Dolan still had more than two and one-half years in which to exercise his option. Had there been no insurance, he yet had a right to demand his deed. This he might well have done had the loss been small. If he still wishes to buy and Spencer may keep the insurance, she gets paid twice for the buildings, once by the insurance companies and once by Dolan, and the latter does not get what he bought. When the buildings burned and Spencer could not, therefore, keep her contract to sell, she still permitted that contract to stand, permitted Dolan to continue in possession under it and pay interest and taxes. But,

most important of all, she permitted him to make a substantial payment on the $7,000 mortgage, which payment was consistent only with his election to purchase and which we think was such election. If, as we conclude, this insurance goes to Dolan, Spencer gets everything she bargained for and Dolan gets no more. Justice is thus done between the parties and this interpretation of the contract is supported by the sound reasoning of the Supreme Court of Errors of Connecticut in Williams v. Lilley, *supra,* which we think, notwithstanding some variations in facts, here applicable."

The contract involved in this case shows that $360.00 of the agreed total purchase price of $402.00 was to be paid in monthly installments denominated as rent. However, such payments were to be rent solely and only while Denham retained his status as a tenant. The contract acknowledges a right in Denham to convert the rent payments into a part of the purchase price by exercising his admitted option to purchase. Since Denham did not default in the performance of his contract at any time during the contract period and the destruction of the property by fire has made the continued occupancy of it impossible, the rights of the parties as created by the contract as a whole and not merely from the status of the parties as they temporarily existed on the date of the fire.

Under the circumstances shown by the bill we think the complainant is entitled to have the insurance money stand in lieu of the property contracted to be purchased and that so long as Denham was not in default and Nelson Properties, Inc., gets the payments contracted to be paid to it in its status as a vendor at Denham's option that such is all that the latter is entitled to have and receive in a court of equity under the circumstances shown by the bill which

the Chancellor refused to dismiss. In this conclusion we are fortified in our judgment by the following authorities: Williams v. Lilley, 67 Conn. 50, 34 Atl. Rep. 765; 37 L. R. A. 150; Standard Oil Co. v. Dye, 223 Mo. App. 926, 20 S. W. Rep. (2nd) 946; Brady v. Welsh, 200 Iowa 44, 204 N. W. 235; McRae v. McRae, 78 Md. 270, 27 Atl. Rep. 1038; Russell v. Elliott, 45 S. D. 184, 186 N. W. Rep. 824; Cetkowski v. Kautson, 163 Minn. 492, 204 N. W. 528.

In so holding, we do not ignore the nature of the contract as that of the landlord and tenant prior to the exercise of the option to purchase on the part of the tenant. We simply apply the equitable maxim that equity regards that as done which ought to have been done by allowing the tenant to demand the benefit of his option by converting his contract into that of one of vendor and purchaser upon the happening of the loss of the subject matter of the contract by fire which results in the substitution of a sum of money for property as the subject of the contract.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, and BUFORD, J. J., concur.

BROWN, J., dissents.

ON PETITION FOR REHEARING, APRIL 13, 1936

DAVIS, J.—The bill of complaint does allege, as stated in the opinion, that the complainant's assignors were O. R. Chupp *and* Stella N. Chupp. The appeal was from an order refusing to dismiss the bill so we have only the allegations of the bill before us for consideration. Therefore there is no inaccuracy in the opinion as complained of in and by the petition for rehearing filed by Nelson Properties, Inc. The fact that the bill also attaches to it the assignment executed

only by "O. R. Chupp" is not necessarily so repugnant as to be destructive of the positive allegations of the bill to the effect that "on the said 20th day of February, 1933, the said defendant, Nelson Properties, Inc., entered into a certain contract in writing with plaintiff's assignors, O. R. Chupp *and* Stella N. Chupp, etc., as set forth in paragraph II of the bill as shown in the transcript of the record.

If the allegations of the bill are untrue, an appropriate issue can be joined on such of them as are material to be proved in order to entitle plaintiff below to the relief sought.

Rehearing denied.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.