WIGGINTON, Judge.
This appeal is from a final decree granting a divorce to Appellee wife. Appellant husband challenges the validity of the decree which incorporated some, but not all of the provisions of a stipulated agreement entered into between the parties to the cause.
From the record it appears that after Appellee’s complaint was filed, but prior to further proceedings, the parties entered into a stipulation by which they agreed as to the custody of their two minor children; the amount of child support to be paid by Appellant; the Appellee’s equity in the real and personal property owned by the parties and the manner in which Appellant would pay Appellee for her one-half interest therein; and the amount of fees to be paid Appellee’s attorney. This stipulation was filed in the cause and confirmed by interlocutory order of the court. Appellant took no further action in the cause, whereupon a decree pro confesso was entered against him.
Paragraph 3 of the agreement of the parties is as follows:
“3. That the Plaintiff and Defendant own as an estate by the entireties a certain piece of property located in Palm Valley, Florida. That the parties hereto stipulate and agree that their equity in said property is $8,000.00. That the Defendant agrees to pay to the Plaintiff, and Plaintiff accepts, the sum of $4,000.00 for her interest in said property, said sum of $4,000.00 to be paid in the following manner: Beginning January 24th, 1962, the sum of *787 $50.00, and on the 24th day of each and every month thereafter a like sum of $50.00 until said sum of $4,000.00 has been paid in full. Upon the payment of the last payment, the Plaintiff shall give to the Defendant a Quit Claim Deed for her entire interest in said property.”
In the submission of her evidence Appel-lee testified that subsequent to the execution of the property settlement agreement the dwelling and its contents covered by the above quoted paragraph of the agreement were completely destroyed by fire, and that although the insurance carrier which issued a policy of fire insurance on the property was willing to pay the proceeds of the policy to Appellant and Appellee, no payment had yet been made.
The final decree of divorce entered by the court contains paragraphs which incorporate verbatim the provisions of the agreement entered into between the parties with respect to child custody and support, attorney’s fees and court costs, but omits any reference to Paragraph 3 of the agreement relative to a settlement of the parties’ rights in the property covered thereby.
It is Appellant’s contention that the stipulation, having been executed by the parties and incorporated in a confirmatory order of the court, was not subject to modification or repudiation, save in conformity with F.S. § 65.15, F.S.A., which requires notice to both parties and an opportunity to introduce evidence relevant to the issue; that the final decree, by incorporating only portions of the agreement, in effect altered its terms; and that, as the decree was entered following a decree pro confesso against Appellant, he had no notice of the change made by the court and, therefore, had no opportunity to defend against it.
Appellee, on the other hand, asserts that due to a substantial change in the condition of the property subsequent to the execution of the stipulation but prior to the taking of testimony in the cause, the court was justified in omitting from its decree that portion of the agreement constituting a property settlement between the parties. Appellee also maintains that Appellant, having previously allowed a decree pro con-fesso to be entered against him, was not entitled to notice of the final hearing and that the cause properly proceeded ex parte to a final decree which is now absolute.
While there is no intimation by either party of fraud, overreaching or concealment in regard to the agreement, Appellee maintains that since she openly presented the facts relative to the change in condition of the property, there was no such fraud, deceit or trickery on her part as would nullify the final decree. It is Appellee’s position that a court of equity is not absolutely bound to follow the stipulation of parties concerning a property settlement when presented with facts which in equity and good conscience justify entry of a final decree contrary to the stipulation of the parties.
The principal question presented by this appeal is whether the chancellor erred in failing to ratify and incorporate in the final decree that provision of the stipulation purporting to settle the rights of the parties in property held by them as an estate by the entireties. The decree contains no recitation as to the reason why this provision of the stipulation was omitted from the final decree. Since the decree is clothed with a presumption of correctness, we must look to the record as a whole in reaching a determination as to whether such omission constituted harmful error as a matter of law.
In Sedell[1] this court held that property settlement agreements entered into between husband and wife prior to divorce, when fairly entered into and are not tainted by fraud, overreaching or concealment, will be respected by the court. . In Fowler[2] *788 this court further held that property settlement agreements are no different from other agreements in their legal aspects, and are therefore binding when shown to be fair and regular.
The proof adduced at the hearing reveals that the dwelling located on the property under consideration was completely destroyed by fire, the loss of which is covered by insurance. It therefore became apparent that the principal security for payment of the amount due the wife had likewise been destroyed, and in its place there now exists a fund consisting of insurance proceeds to be paid as indemnity for the loss of the property.
The property settlement agreement entered into between the parties and confirmed by interlocutory order of the court was tantamount to a contract of purchase and sale whereby the wife agreed to convey to the husband her interest in the real estate in consideration of a purchase price of $4,000.00. Under the doctrine of equitable conversion a vendor’s act in executing a contract to convey the legal title to property upon the payment of an agreed purchase price constitutes the vendee as the real beneficial owner, legal title remaining in the vendor as trustee with the obligation to convey upon compliance with the terms of the contract.[3] The equitable conversion doctrine is a creature of equity unknown to law and is an application of the maxim that equity treats that as done which ought to be done.[4]
The property settlement provision of the agreement in question as confirmed by the court, was in nowise altered, modified or affected in any manner by the final decree appealed. The rights of the parties thereby became fixed in accordance with the terms of the agreement, and were in full force and effect at the time the final decree was entered.
Although disclosed by the evidence, the chancellor made no finding or determination as to whether the improvements located on the property in question had in fact been destroyed by fire subsequent to the execution of the agreement, nor was any finding or determination made with respect to the existence of insurance, the proceds of which are available for the purpose of indemnifying the owner for such fire loss as may have occurred. This determination should have properly been made by the chancellor in the rendition of his final decree, for once equity takes jurisdiction of a cause, it should settle all rights of the parties growing out of the transaction sued upon as reflected by the pleadings and the evidence adduced before the court. It should not leave any material issues unresolved which would require future litigation for their adjudication.[5] If, as shown by the evidence, the improvements located on the property covered by the property settlement agreement were destroyed by fire, and there exists a fund consisting of insurance proceeds payable as indemnity for the loss, the husband as equitable owner of the property has the right to receive such insurance proceeds[6] subject, however, to the prior claim of the wife to payment of the agreed purchase price.[7] If such facts are found by the chancellor to exist, it will be his duty to provide for the distribution of the insurance proceeds in such manner as will adequately protect the interest of all parties in accordance with the intent and purpose of the property settlement agreement.
The decree appealed is affirmed in all respects but this cause is remanded with *789 directions that the chancellor take such further evidence as may be deemed necessary, and enter a supplemental decree fully adjudicating the rights of the parties with respect to the property settlement agreement in accordance with the views expressed herein. At such hearing as may be held, Appellant will be notified thereof and afforded the opportunity to appear and fully participate therein.
Remanded for further proceedings.
CARROLL, DONALD K., C. J., and RAWLS, J., concur.

. Sedell v. Sedell, (Fla.App.1958) 100 So. 2d 639.

. Fowler v. Fowler, (Fla.App.1959) 112 So.2d 411.

. Tingle v. Hornsby, (Fla.App.1959) 111 So.2d 274.

. Trotter v. Van Pelt, 144 Fla. 517, 198 So. 215, 131 A.L.R. 1018.

. Winn & Lovett Grocery Co. v. Saffold Bros. Produce Co., 121 Fla. 833, 164 So. 681.

. Nelson Properties, Inc. v. Denham, 123 Fla. 382, 167 So. 35.

. 29 A Am.,Tur., Insurance, § 1668, p. 746.