# WIDENER v BLANK
## Case No. 83-4302 CA (L)
Fifteenth Judicial Circuit, Palm Beach County
May 20, 1986

### APPEARANCES OF COUNSEL

**Joseph D. Farish, Jr.** for plaintiffs.
**William A. Foster** for defendants.
**David F. Crow** for intervenor, Federal Insurance Company.

### OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

*ORDER DETERMINING PRIORITIES UPON SUBROGATION*

The parties in this case have agreed to settle with the Defendant, Ralph P. Blank for the total amount of $100,000. which constitutes the liability insurance available to him.

The issue presented to the court is the apportionment of the $100,00. between the competing claims of the contract purchaser, Plaintiffs,

5

Peter A. B. Widener and Daphne Lewis Ashley Widener, and the Intervenor, Federal Insurance Company, the insurer of the Estate of Barbara Headley, owner vendor of the improved real property being sold.

Counsel advised the court this is a case of first impression, as no decision can be found in Florida dealing with the subrogation priorities between the insurer of the owner of the improved real property and a contract purchaser.

All parties to this action, by and through their attorneys, have stipulated to a statement of facts, which stipulation has been made a part of the court file. That stipulation provides as follows:

> "All parties to this action, by and through their undersigned attorneys, hereby stipulate that the Court may utilize the Statement of Facts contained herein as if admitted in evidence at final hearing herein. Additionally, that the Court may consider the contracts referred to in the Statement of Facts and attached thereto, along with any pertinent pleadings filed in this cause. . . .

## STATEMENT OF FACTS

The Estate of Barbara Headley was the owner of a residence at 101 Jungle Road, Palm Beach, Florida. Intervenor, Federal Insurance Company, entered into a contract of insurance with said Estate to provide insurance coverage for loss to said residence. Thereafter, on March 31, 1983, said Estate entered into a written contract for sale and purchase of said residence with Plaintiffs Widener, the closing date scheduled therein for August 1, 1983.

On May 4, 1983, Plaintiffs entered into a contract with Defendant Blank to paint said residence. On May 5, 1983, Blank's employees were using a propane torch for removal of paint from portions of said residence. A fire started in the area of torch use, almost totally destroying said residence.

Pursuant to insurance policy with the Estate, Intervenor paid said Estate $583,450 in full settlement of Estate's claim under said policy and contract purchase price was accordingly reduced by exact sum. Plaintiffs Widener closed on the sale and purchase contract and rebuilt the residence at a cost of approximately 1.2 million dollars. Plaintiffs filed this tort action against painting contractor Blank to recover their loss. Federal Insurance Company intervened in this action to seek recovery of subrogated rights against Defendant Blank due to aforesaid payment to the Estate.

Since Defendant Blank's available liability insurance coverage is

6

$100,000., there being no additional leviable assets, all parties to this action have stipulated that total damages recoverable in this action is $100,000., excluding any taxable costs. All parties agree that such $100,000 is the total sum that can be recovered against Defendant Blank and that he shall be entitled to satisfaction of final judgment from such party or parties as the court may declare to be entitled to such $100,000.

The claims of Plaintiffs are set forth in their First Amended Complaint dated February 23, 1984. Claim of Intervenor is contained in its Third Amended Complaint dated May 2, 1984. Contract for sale and purchase, insurance contract between Intervenor and Estate, and painting contract between Plaintiffs and Defendant are attached for the Court's consideration, in that, all have been previously attached to pleadings herein. The Court's orders dated March 7, 1984 and May 1, 1984 are attached hereto pursuant to this Court's direction at hearing held February 12, 1986.

Dated this 21st day of February, 1986.

### ADDENDUM TO STIPULATION OF FACTS

Parties stipulate to following additional facts:

1. Intervenor, Federal Insurance Company, paid $40,000. to Estate of Barbara Headley in full settlement of personal property loss incident to the fire, this payment being in addition to previously stated realty loss. Estate alone retained this $40,000.

2. Plaintiffs Widener did not purchase insurance coverage on realty at 101 Jungle Road, Palm Beach, between date they contracted to purchase same and May 5 fire, nor were they named as insureds in the Federal Insurance policy issued to Estate of Barbara Headley.

3. Copy of letter dated July 8, 1983 from Plaintiffs Widener to Barbara Headley Estate Representative may be considered by the court.

Dated this 24th day of April, 1986."

### LAW

When the Wideners contracted to purchase the dwelling in question from the estate, pursuant to the Doctrine of Equitable Conversion as adopted as part of Florida's jurisprudence, they became seized of the beneficial title to the land in question and became obligated to pay the full purchase price, irrespective of the fire loss; that loss being cast upon the buyers by operation of law. See *Insurance Company of North America vs. Erickson*, 39 So. 495 (Fla. 1905); *Phenix Insurance Co. v.*

7

*Hilliard*, 52 So. 799 (Fla. 1910); *Arko Industries, Inc. v. Wood*, 185 So.2d 734 (Fla. 1st DCA 1966).

As stated in the latter case, the appellate court held:

"Upon the execution and delivery of the contract of sale . . . the Vendor, Erickson, became the holder of the legal title *in trust* for his Vendee, Burch, as security for the deferred purchase price due from the latter to the former and the Vendee, Burch, held the purchase price *as Trustee* for his Vendor." (emphasis supplied)

In the case of *Nelson Properties, Inc. v. Denham*, 167 So. 35 (Fla. 1936), the Florida Supreme Court was called upon to decide the following question:

"Who gets the fire insurance carried on insured buildings on land held under a lease and option to purchase when the buildings burn at a time when the tenant is not in default under his contract, nor has the period of the tenancy expired, nor the date arrived upon which the tenant is entitled to exercise his option to purchase in according to its precise terms?"

The court answered the question as follows:

"Under the circumstances shown by the bill, we think the *complainant is entitled to have the insurance money stand in lieu of the property contracted to be purchased*, and that, so long Denham (the tenant) was not in default and Nelson Properties, Inc. (the landlord owner) gets the payments contracted to be paid to it in its status as a vendor at Denham's option, such is all that the latter is entitled to have and receive in a court of equity under the circum- stances shown by the bill which the chancellor refused to dismiss. . . . In so holding, we do not ignore the nature of the contract as that of the landlord and tenant prior to the exercise of the option to purchase on the part of the tenant. We simply apply the equitable maxim that equity regards that as done which ought to have been done by allowing the tenant to demand the benefit of his option by converting his contract into that of one of vendor and purchaser upon the happening of the loss of the subject matter of the contract by fire which results in the substitution of a sum of money for the property as the subject of the contract." See also *McNeill v.McNeill*, 135 So.2d 785 (Fla. 1st DCA 1962). (emphasis supplied)

The same appellate court held in the case of *Florida Farm Bureau Insurance Co. v. Martin*, 377 So.2d 827 (Fla. 1st DCA 1979):

Where the parties stipulated that the owner's property damage totaled $110,000., that recovery from tort feasor's insurer would be a

maximum policy limit of $50,000., and that the recovery from the tort feasor would be a maximum collectible amount of $2,500., and where the owners received $42,535. for the fire losses from their own fire insurer, the owner's fire insurer was not entitled to subrogation from funds recovered by the owners in their suit against the tort feasor and its insurance carrier because the owner's damages of $110,000. exceeded the total recovery of $95,035.

The insurer argues the plaintiffs, the contract purchasers, should not stand in the shoes of the vendor insured because the contract vendor, upon receipt of the insurance proceeds and the balance of the purchase price from the purchasers has, in fact, been made whole and not suffered any loss. Such being the case, the insurer argues it is entitled to the $100,000. in question by way of subrogation.

This argument fails in light of the decision of our Supreme Court in *Nelson Properties v. Denham*, supra, wherein the court held:

"The complainant is entitled to have the insurance money stand in lieu of the property contracted to be purchased."

Such being the case, the Plaintiffs, Mr. and Mrs. Widener, expended 1.2 million dollars rebuilding the residence pursuant to their stipulated statement of facts and the insurance payment by the Intervenor in the amount of $583,450., in full settlement of the estate's claim under the said policy, by no stretch of the imagination, stood in lieu of the property which was destroyed by fire.

There is no question Federal Insurance Company has rights of subrogation against the tort feasor, not only as to the $583,450. but also the additional $40,000. it paid to the Estate of Barbara Headley in full settlement of personal property lost in the fire, which sum of money the estate retained.

This does not, as counsel for the insurance carrier urges upon the court, mean the insurance carrier is entitled to priority or is placed on equal footing with the contract vendees, at least not until they have been made whole. Had the insurance proceeds upon the improved real estate fully replaced the same, the insurer argument would have been meritorious.

Plaintiffs loss continues to greatly exceed the amount recovered from the insurer and accordingly final judgment should be entered in plaintiffs' behalf for the full proceeds of the insurance coverage, $100,000. afforded to the defendant, Frank P. Blank. It is thereupon,

ADJUDGED, Plaintiffs, Peter A. B. Widener and Daphne Lewis Ashley Widener, are entitled to the sum of $100,000. of insurance

9

proceeds available from Frank P. Blank's insurance carrier, Insurance Company of North America.

**ORDERED** May 20, 1986 at West Palm Beach, Palm Beach County, Florida.